**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JAMES M. ARNOLD et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **CITY OF TULSA, OKLAHOMA,** an ) | |
| Oklahoma municipal corporation, ) | Case No. 09-CV-811-TCK-PJC |
| **SONOMA GRANDE TULSA, L.L.C.,** ) | |
| a Delaware limited liability corporation, ) | |
| **SONOMA GRANDE COMMERCIAL,** ) | |
| **L.L.C.,** a Delaware limited liability ) | |
| company, **FDC DEVELOPMENT JV** ) | |
| **L.L.C.,** a Delaware limited liability ) | |
| company, and **FLOURNOY** ) | |
| **DEVELOPMENT COMPANY, L.L.C.,** ) | |
| a Georgia limited liability company, ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss by Defendants Sonoma Grande Tulsa, L.L.C ("Sonoma Grande"); Sonoma Grande Commercial, L.L.C; FDC Development JV L.L.C; and Flournoy Development Company L.L.C. ("Flournoy") ("Motion to Dismiss") (Doc. 17).[1]  Also pending before the Court are the corresponding motions for hearing (Docs. 18 & 43).

**I.     Background**

The following facts are alleged in Plaintiffs' Petition.  Plaintiffs are individual homeowners living and/or owning real property in The Villages of Highland Park, a residential subdivision in the

---

[1] Since the filing of the Motion, Plaintiffs have dismissed Defendants Sonoma Grande Commercial, L.L.C., FDC Development JV L.L.C., and the City of Tulsa from this action. Therefore, only Defendants Sonoma Grande and Flournoy remain (collectively "Defendants").

City of Tulsa that is located in close proximity to the Sonoma Grande residential apartment complex ("Sonoma Grande Apartments"). At all relevant times, Sonoma Grande jointly owned the Sonoma Grande Apartments with Sonoma Grande Commercial, L.L.C., and Flournoy was responsible for the "design, land use regulatory compliance processing, development[,] and construction of [the Sonoma Grande Apartments]." (Pet. ¶¶ 9-10.) Plaintiffs claim they were damaged as a result of the construction of the Sonoma Grande Apartments. Specifically, Plaintiffs allege:

> 11. At the time of the design, land use regulatory compliance processing, development and construction of Sonoma Grande, it was reasonably foreseeable to Defendants that their design, land use regulatory compliance processing, development and construction of Sonoma Grande would affect Plaintiffs, owners of homes and properties within The Villages of Highland Park, a single family residential subdivision located in areas adjacent and contiguous to [the Sonoma Grande Apartments].
>
> 12. [The Sonoma Grande Apartments] [were] recklessly or alternatively negligently designed, processed, developed and constructed by the non-governmental Defendants. As a direct and proximate result of such conduct there has been created a condition where, among other things, a three story monolithic structure sits on the top of a mound, approximately twelve feet above original grade. There exists, among other things, violations of height limitations, there is no meaningful visual separation of uses, there exists dangerous and intrusive parking, there exists surface and subsurface water movements trespassing upon abutting properties causing damages to such properties, and irreversible damage to flower gardens, decorative and ornamental bushes and trees.
>
> 13. In addition to the foregoing, the Plaintiffs assert that the offensive actions taken as well as the resulting conditions complained of herein annoy, injure and endanger them in their comfort, repose, health and safety. Such conditions render them insecure in life as well as the use of their properties. The Plaintiffs have experienced monetary loss and have suffered. Unless the violations and offensive conditions are abated, Plaintiffs will continue to suffer.

(*Id.* ¶¶ 11-13.) Based on these allegations, Plaintiffs "pray that Defendants . . . be enjoined from permitting the nuisance described herein to continue, that Plaintiffs be compensated by the non-governmental Defendants for their losses caused by the above described injury and maintenance of

a nuisance . . . and that Plaintiffs be awarded their attorneys fees and costs . . . ." (*Id.* at Prayer for Relief.)

## II.     Relevant Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual

grounds of the claim against them." *Id.* at 1248. In addition, the Tenth Circuit has stated that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

### III.     Claims Asserted in Petition

Plaintiffs' Petition is not a model of clarity, and the precise nature of the asserted claims is not immediately apparent. However, in their response to Defendants' Motion to Dismiss, Plaintiffs state that they are asserting claims for (1) "disregard of or departure from, zoning, subdivision, design and construction standards and practices"; and (2) "maintenance of a nuisance." (Pls.' Resp. to Defs.' Mot. to Dismiss 6.)

With regard to Plaintiffs' identification of a nuisance claim, the Court finds such a claim to be included in the Petition. Specifically, the Court finds that (1) the specific allegations against the "non-governmental Defendants" infer such a claim, (*see* Pet. ¶¶ 12 & 13); and (2) the only claim referenced in Plaintiffs' "Prayer for Relief" is a claim for nuisance (*see* Pet. at Prayer for Relief (requesting that Defendants "be enjoined from permitting the nuisance described herein to continue" and that Plaintiffs receive compensation due to the "maintenance of a nuisance").)

The Court finds that the Petition does not clearly allege the first claim listed in Plaintiffs' response brief, however. The Joint Status Report, wherein Plaintiffs also seem to reference a claim of this nature, (*see* Joint Status Report 2 (listing claims for violations of municipal and federal laws applicable to development and construction of the Sonoma Grande Apartments)), states that Plaintiffs "will be seeking permission of the Court to amend their Petition to specifically plead such," (*id.* 2). No such amendment was ever requested by Plaintiffs. Indeed, the reference to a

4

request to amend seems to concede that the Petition does not include such a claim in its current form. Even without this admission by Plaintiffs, the Petition does not sufficiently plead any claim in addition to the nuisance claim. As referenced above, the only claim mentioned in the Prayer for Relief is one for nuisance, and nowhere does the Petition allege violations of specific "standards," "practices," "municipal laws," and/or "federal laws." While the Court notes that the allegations of the Petition are to be construed favorably to Plaintiffs, "the [C]ourt will not read causes of action into the [Petition] which are not alleged." *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003). The Court will therefore analyze the Motion to Dismiss in the context of a claim for nuisance.[2]

**IV.     Discussion**

In support of their Motion to Dismiss, Defendants argue, *inter alia*, that Plaintiffs' nuisance claim should be dismissed because Plaintiffs have not sufficiently alleged standing to bring such a claim. Under Oklahoma law, a nuisance is defined as:

> [u]nlawfully doing an act, or omitting to perform a duty, which act or omission either:
> First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or
> Second. Offends decency; or
> Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square street or highway; or
> Fourth. In any way renders other persons insecure in life, or in the use of property, provided, this section shall not apply to preexisting agricultural activities.

Okla. Stat. tit. 50, § 1. "This general definition applies to claims for public and private nuisance," *Quapaw Tribe of Okla. v. Blue Tee Corp.*, 653 F. Supp. 2d 1166, 1186 (N.D. Okla. 2009) (applying

---

[2] Because the Court construes the Petition as alleging a sole claim for nuisance, the Court will not treat Defendants' arguments regarding any "zoning" claims that are in fact claims against the City of Tulsa. (*See* Defs.' Mot. to Dismiss 5-8.)

Oklahoma law) (citing *Nichols v. Mid-Continent Pipe Line Co.*, 993 P.2d 272, 276 (Okla. 1996)). The parties agree that Plaintiffs are alleging a claim of public nuisance in the instant case.

A public nuisance is "one which affects at the same time an entire community or neighborhood, or any considerable number of persons." Okla. Stat. tit. 50, § 2. Although a public nuisance claim must generally be filed by a public body or officer, a private person may file a public nuisance claim if the defendant's actions are "specially injurious to himself." *Quapaw Tribe of Okla.*, 653 F. Supp. 2d at 1186 (citing Okla. Stat. tit. 50, §§ 10, 11). "As to what are special damages flowing from a public nuisance, for which a private individual may recover, the rule is that the injury from which they result must be different in kind, not merely degree, from that suffered by the general public from the act complained of." *McKay v. City of Enid*, 109 P. 520, 522 (Okla. 1910).

Defendants argue that Plaintiffs fail to sufficiently allege that they have suffered "special injuries," requiring dismissal of their nuisance claim. In asserting this argument, Defendants focus on Plaintiffs' failure to show that their injuries are different in kind from those suffered by others in their "neighborhood," as opposed to injuries suffered by those outside said neighborhood. Although the rule from *McKay* references comparison with injuries of the "general public," *see McKay*, 109 P. at 522 (stating that a private individual bringing a public nuisance claim must show injuries that are different in kind from "that suffered by general public"), Defendants contend that in this case, the "general public" constitutes other individuals inside the affected neighborhood since the nuisance at issue affects an entire "neighborhood," *see* Okla. Stat. tit. 50, § 2 (stating that a public nuisance is "one which, [*inter alia*], affects . . . an entire . . . neighborhood"). Plaintiffs object to this interpretation of the applicable standard, arguing that "the 'general public' must be interpreted and understood as being just that, members of the general public at large, i.e., those

outside of the affected arena." (Pls.' Resp. to Defs.' Mot. to Dismiss 9.) Plaintiffs therefore argue that they are required to demonstrate that their damages are unlike those experienced by the general public outside the neighborhood, as opposed to other individuals living within the neighborhood.

The Court finds it unnecessary to resolve this dispute at this stage of the proceedings because, in assessing whether the allegations of Plaintiffs' Petition are sufficient to withstand Defendants' Rule 12(b)(6) motion, the Court finds that Plaintiffs have not sufficiently alleged that the nuisance is "specially injurious" under either interpretation. Specifically, there are no allegations in the Petition that Plaintiffs' alleged injuries differ in kind from those outside or those inside the affected neighborhood. Therefore, because Plaintiffs have not differentiated their alleged injuries in any manner, they have not sufficiently alleged standing to bring a public nuisance claim, and dismissal of Plaintiffs' public nuisance claim is proper under Rule 12(b)(6).

Plaintiffs seek leave to amend their Petition in the event the Court finds Defendants' Rule 12(b)(6) motion proper. The Federal Rules of Civil Procedure provide that the district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, the Court will grant Plaintiffs' leave to amend to provide Plaintiffs an opportunity to better clarify the claims at issue and provide necessary information about the nature of the injuries caused by the alleged public nuisance. Plaintiffs' amended pleading is to be filed by two weeks from the date of this Order.

**V.     Conclusion**

For the reasons outlined herein, Defendants' Motion to Dismiss (Doc. 17) is GRANTED; however, Plaintiffs are GRANTED leave to file an Amended Petition and should file same by two

weeks from the date of this Order. The Motions for Hearing (Doc. 18 and Doc. 43) are DEEMED MOOT.

**SO ORDERED this 30th day of September, 2010.**

_____
**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**